**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR FOOD SAFETY,
660 Pennsylvania Ave SE #402
Washington, DC 20003

*Plaintiff,*

vs.

UNITED STATES FISH
AND WILDLIFE SERVICE,
1849 C Street, N.W.
Washington, DC 20540

*Defendant.*

Case No. 19-1955

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I. NATURE OF ACTION

1. The Center for Food Safety (CFS)—a nonprofit public interest and environmental advocacy organization working to protect public health and the environment—brings this civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, challenging the U.S. Fish and Wildlife Service (FWS)'s unlawful withholding of records that pertain to FWS's Endangered Species Act (ESA) consultations concerning the potential effects of genetically engineered (GE) trees, specifically eucalyptus, on wildlife and wildlife habitat.

2. CFS filed a FOIA request with FWS to gain a better understanding of FWS's consultation and guidance concerning GE trees and impacts to wildlife, and specifically the impacts of ArborGen's genetically engineered Freeze Tolerant Eucalyptus. The goal of the request was to open the operations and activities of government to public scrutiny and contribute significantly to the public's understanding of the agency's actions.

3. FWS is violating FOIA by failing to produce records in response to CFS's FOIA request, failing to conduct an adequate search for responsive records, and by failing to provide both an initial determination as to the scope of the records to be produced or withheld, and an estimated date by which the agency's search will be complete.

4. FWS's unlawful withholding of public records undermines FOIA's basic purpose of government transparency. Because prompt access to these records is necessary to effectuate FOIA's purpose, CFS seeks declaratory relief establishing that FWS is in violation of FOIA, and injunctive relief directing FWS to provide responsive records without any further delay.

## II.     JURISDICTION AND VENUE

5.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which expressly provides a venue for FOIA cases in the District Court of the District of Columbia.

7.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

8.      Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## III.     PARTIES

9.      Plaintiff CFS is a national 501(c)(3) nonprofit public interest and environmental advocacy organization that empowers people, supports farmers, and protects the environment. CFS is a membership based nonprofit organization with over 970,000 members that works to address the impacts of the food system on public health and the environment. Through nearly two decades of involvement in environmental litigation and policymaking, CFS has demonstrated its ability to take technical information provided by government agencies and distill it into a format that is accessible to the public. CFS employs science and policy experts who have analyzed FOIA, the ESA, other federal laws, and other environmental and scientific reports for their entire careers. CFS has long had a flagship program on improving oversight of genetically engineered (GE) organisms, including genetically engineered crops, animals, and trees. CFS puts out reports on issues related to improving oversight of agricultural biotechnology, including reports on GE trees, and other topics that tend to be difficult for the

layperson to understand without professional assistance. CFS has been engaged in ongoing efforts to educate our members and the public about inadequate oversight of and the risks from novel GE organisms, including GE trees, to the environment, pollinators, water tables, forest environments, and flora and fauna. CFS and its members are harmed by FWS's violations of FOIA, as such violations preclude CFS from gaining a full understanding of the decision-making process regarding the underlying agency actions, and prevent CFS from disseminating information to the public concerning FWS's oversight and environmental review of novel genetic engineering technologies being introduced into native ecosystems.

10. Defendant FWS is an agency of the United States Government within the Department of the Interior. FWS is in possession and control of the records that CFS seeks, and is an agency within the meaning of 5 U.S.C. § 552(f)(1). FWS is therefore subject to FOIA.

## IV. LEGAL BACKGROUND

11. The basic purpose of FOIA is to promote government transparency and public oversight of agency action. The statute effectuates this objective by establishing the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed exemptions. 5 U.S.C. § 552(b)(1)-(9).

12. FOIA imposes stringent deadlines on federal agencies with regard to making initial determinations in response to FOIA requests. Within twenty working days of receiving a FOIA request, an agency must determine whether it will release the requested records, and must notify the requester of its determination, the reasons for its decision, and the requester's right to appeal an adverse decision to the head of the agency. *Id*. § 552(a)(6)(A).

13. Congress has specified certain limited instances in which federal agencies may extend this twenty-working-day deadline. First, an agency may toll the deadline to

seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii). Second, in "unusual circumstances" an agency may extend the deadline no more than ten additional working days by providing written notice to the requester that sets forth the circumstances justifying the extension. *Id.* § 552(a)(6)(B)(i).

14. FOIA requires that a determination under 5 U.S.C. § 552(a)(6)(A) "must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility and Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

15. For a determination to trigger the administrative exhaustion requirement, the agency must at least "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id*. at 188.

16. If the agency fails to respond within the applicable time limit, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

17. Such constructive exhaustion[1] "allows immediate recourse to the courts to compel the agency's response to a FOIA request." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62, 64 (D.C. Cir. 1990).

[1] "Constructive exhaustion is determined by the actions (or lack thereof) an agency has taken by the time a suit is filed in the district court." *Wisdom v. U.S. Tr. Program*, 232 F. Supp. 3d 97, 113 (D.D.C. 2017) (citing *Oglesby*, 920 F.2d at 64).

18. The court "then has the authority to oversee and supervise the agency's progress in responding to the request." *Seavey v. DOJ*, Case No. 15–1303, 2017 WL 3112816, at *2 (D.D.C. July 20, 2017) (citing *Citizens for Responsibility and Ethics in Washington*, 711 F.3d at 189); *see also Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (a court "may use its equitable powers to require the agency to process documents according to a court-imposed timeline.").

19. FOIA requires each agency to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D).

20. With regard to production of responsive records, "FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *Citizens for Responsibility and Ethics in Washington,* 711 F.3d at 188 (citing 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)).

21. In certain limited instances, an agency may withhold records or portions of records pursuant to nine specific exemptions. 5 U.S.C. § 552(b). These exemptions must be "construed narrowly in keeping with FOIA's presumption in favor of disclosure." *Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010).

22. FOIA places the burden on the agency to prove that it may withhold responsive records or portions of records from a requester. 5 U.S.C. § 552(a)(4)(B).

23. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

24. In addition, FOIA provides a waiver for fees associated with the procurement of documents subject to FOIA requests. Such fee waivers are granted "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* § 552(a)(4)(A)(iii).

25. Finally, FOIA requires that the agency provide "information about the status of a request . . . including . . . an estimated date on which the agency will complete action on the request." *Id.* § 552(a)(7)(B)(ii).

## V. FACTUAL BACKGROUND

26. CFS, through its GE Program, works to protect public health and the environment. CFS has a long history of promoting greater oversight concerning the environmental impacts of genetic engineering and other agricultural production technologies, particularly when confronted with new uses and applications of the technology such as GE trees, including ArborGen's genetically engineered Freeze Tolerant Eucalyptus.

27. On November 8, 2018, CFS submitted a FOIA request to FWS, seeking "[a]ny and all documents, from January 2016 to present, concerning FWS's consultation regarding ArborGen's genetically engineered Freeze Tolerant Eucalyptus petition" (November 8 FOIA Request). CFS explained that release of the requested records was in the public's best interest because disclosure would significantly contribute to public understanding of the operations or activities of government, and because obtaining the information was of no commercial interest to CFS.

28. An initial determination on the November 8 FOIA Request was due by December 10, 2018, twenty working days after the date CFS submitted the request.

29.     On November 9, 2018, FWS Headquarters FOIA Office informed CFS by email that it received the November 8 FOIA Request and forwarded the request to FWS's Region 4 Office for processing.

30.     On November 28, 2018, FWS sent a letter to CFS stating that the November 8 FOIA Request had been assigned a control number FWS-2019-00197, and asserting the request is in the complex processing track, meaning it would be processed in 21 to 60 workdays. In the November 28 letter, FWS also granted CFS's fee waiver request in full.

31.     On December 7, 2018, FWS emailed CFS about FOIA-FWS-2019-00197, stating "Here at [FWS], we are in the process of providing records to a previous FOIA request submitted by your organization.  That request was FOIA-FWS-2017-00878.  We were wondering if we could combine these and provide records under one request number, or would you like to keep them separately?" CFS replied the same day stating that FWS-2019-00197 (submitted November 8, 2018) is an update of FWS-2017-00878[2] (submitted April 27, 2017), which is an update of FOIA-2016-00182[3] (submitted November 18, 2015). In the same email, CFS stated that it had not received any responsive records for FWS-2017-00878; that FWS-2019-00197 could be treated as a request to extend the cut-off date of search to the present (i.e.,

---

[2] CFS's April 27, 2017 FOIA Request (tracking number FWS-2017-00878) requested: (1) "Any and all documents relating to the draft environmental impact statement (dEIS) and preliminary plant pest risk assessment (PPRA) as a part of the Agency's review of deregulation petition 11-019-01p for ArborGen's genetically engineered (GE) freeze-tolerant eucalyptus, published on the Federal Register on April 21, 2017. Environmental Impact Statements; Notice of Availability, 82 Fed. Reg. 18,759 (April 21, 2017)" and (2) "All documents from November 2015 to present relating to ArborGen's GE freeze-tolerant eucalyptus (lines designated 427 and 435), except those already produced in response to CFS's previous FOIA request (FWS-2016-00182)."

[3] CFS's November 18, 2015 FOIA Request (tracking number FWS-2016-00182) requested: "All documents relating to ArborGen's genetically engineered Freeze Tolerant *Eucalyptus* (lines designated 427 and 435)." FWS completed its production of responsive records for FWS-2016-00182.

the date when FWS conducts the search); and that CFS expected an initial determination and estimated date of completion within 20 days of this email for all responsive records for FWS-2019-00197 as required by FOIA.

32.     CFS and FWS also had a phone call on December 7, 2018, in which CFS agreed to withdraw FWS-2017-00878 and move forward with the processing of the newest request (FWS-2019-00197), but extend the cut-off date of search to present day (date in which FWS conducts the search for records). FWS sent a follow-up email that day reiterating the same agreement and asking for CFS to confirm that it agreed to withdraw FWS-2017-00878. CFS replied on the same day stating that withdrawing FWS-2017-00878 and moving forward with FWS-2019-00197 is CFS's preference and requesting that FWS modify the timeframe of documents that CFS is requesting to "all [documents] responsive to [FWS-2019-00197] from the cut-off date of the search performed in response to FWS-2016-00182 to present." CFS stated that it looked forward to an agency determination within 20 days.

33.     On March 18, 2019, CFS emailed FWS to let the agency know that CFS had a new point person for this FOIA Request and asked the agency to update CFS on its progress in responding to this request.

34.     On March 27, 2019, FWS responded to CFS that the agency updated its system with the name and contact information of the new point person for the November 8 FOIA Request and stated that the agency would follow up with Mr. Larry Lee, FWS Region 4 Government Information Specialist (FOIA/Records), regarding this FOIA Request.

35.     As of the date of this complaint, CFS has received no further communications from FWS concerning the November 8, 2018 FOIA Request.

36.     One hundred and fifty-eight working days have passed since FWS received the November 8 FOIA Request, yet FWS has not provided an initial determination in response to the November 8 FOIA Request, supplied an estimated date of completion, or produced any responsive records.

37.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the November 8 FOIA Request.

38.     CFS has been required to expend resources to prosecute this action.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Defendant Failed to Comply with FOIA's Mandatory Determination Deadline

39.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

40.     FWS violated FOIA by failing to make a determination on CFS's November 8 FOIA Request. 5 U.S.C. § 552(a)(6).

41.     CFS has a statutory right to receive a determination within the congressionally mandated deadline of twenty working days. *Id*.

42.     To date—one hundred and fifty-eight working days after CFS filed the November 8 FOIA Request—FWS has not provided a determination, notwithstanding the requirement of 5 U.S.C. § 552(a)(6)(A) of an agency response within twenty working days detailing the scope of the records the agency intends to produce and withhold, the reasons for making that determination, and an explanation of the process by which a requester can administratively appeal that determination.

43.     FWS's failure to make an initial determination with regard to the November 8 FOIA Request, thus unlawfully delaying its response beyond the deadline that

FOIA mandates, has prejudiced CFS's ability to timely obtain public records. *Id.* § 552(a)(6)(A)(i).

44. As such, CFS has exhausted the applicable administrative remedies with respect to the November 8 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

45. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FWS in the foreseeable future.

46. CFS's organizational activities will be adversely affected if FWS continues to violate FOIA by failing to disclose responsive records as it has in this case.

47. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, FWS will continue to violate CFS's rights to receive public records under FOIA.

## SECOND CAUSE OF ACTION
## Defendant Failed to Conduct an Adequate Search for Responsive Records

48. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

49. FWS violated FOIA by failing to conduct an adequate search for responsive records pursuant to 5 U.S.C. § 552(a)(3)(C)-(D).

50. CFS has a statutory right to have FWS process its November 8 FOIA Request in a manner that complies with FOIA. *Id.*

51. FWS violated CFS's right when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the November 8 FOIA Request, thus prejudicing CFS's ability to timely obtain public records.

52. CFS has exhausted the applicable administrative remedies with respect to the November 8 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

53. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FWS in the foreseeable future.

54. CFS's organizational activities will be adversely affected if FWS continues to violate FOIA by failing to disclose responsive records as it has in this case.

55. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, FWS will continue to violate CFS's rights to receive public records under FOIA.

**THIRD CAUSE OF ACTION**
**Defendant Unlawfully Withheld All Responsive Records**

56. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

57. FWS violated FOIA by failing to promptly disclose records that are responsive to CFS's November 8 FOIA Request. 5 U.S.C. § 552(a)(4)(B).

58. CFS has a statutory right to the records it seeks, and there are no applicable exemptions under FOIA that provide a legal basis for FWS to withhold these records from CFS. *See id*. § 552(b)(1)-(9).

59. To date, FWS has not provided any records requested by CFS in the November 8 FOIA Request, notwithstanding the requirement of 5 U.S.C. § 552(a)(3)(A) and 5 U.S.C. § 552(a)(6)(C) to make agency records "promptly available."

60. As such, FWS is wrongfully withholding disclosure of information sought by CFS, information to which it is entitled and for which no valid disclosure exemption has been claimed. FWS's unlawful withholding prejudices CFS's ability to timely obtain public records.

61. CFS has exhausted the applicable administrative remedies with respect to the November 8 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

62. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FWS in the foreseeable future.

63. CFS's organizational activities will be adversely affected if FWS continues to violate FOIA by failing to disclose responsive records as it has in this case.

64. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, FWS will continue to violate CFS's rights to receive public records under FOIA.

**FOURTH CAUSE OF ACTION**
**Defendant Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records**

65. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

66. FWS violated FOIA by failing to take reasonable steps to segregate and release nonexempt portions of lawfully exempt records in response to the November 8 FOIA Request. 5 U.S.C. § 552(a)(8)(A)(ii)(II).

67. CFS has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. *Id*.

68. To date, FWS has failed to disclose any records to CFS, including nonexempt information that could be reasonably segregated and released in response to the November 8 FOIA Request, thus prejudicing CFS's ability to timely obtain public records.

69. CFS has exhausted the applicable administrative remedies with respect to the November 8 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

70. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FWS in the foreseeable future.

71. CFS's organizational activities will be adversely affected if FWS continues to violate FOIA by failing to disclose responsive records as it has in this case.

72. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, FWS will continue to violate CFS's rights to receive public records under FOIA.

**FIFTH CAUSE OF ACTION**
**Defendant Failed to Provide an Estimated Date of Completion as Required by FOIA**

73. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

74. FWS violated FOIA by failing to provide CFS with an estimated date of completion as required by 5 U.S.C. § 552(a)(7)(A)-(B).

75. CFS has a statutory right to have FWS process its November 8 FOIA Request in a manner which complies with FOIA. FWS has violated Plaintiff's rights in this regard by its failure to provide—by any means—an estimated completion date for its response to the November 8 FOIA Request as required by FOIA. 5 U.S.C. § 552(a)(7)(A)-(B).

76. FWS's failure to inform CFS of an estimated completion date for the November 8 FOIA Request has prejudiced CFS's ability to timely obtain public records.

77. CFS has exhausted the applicable administrative remedies with respect to the November 8 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

78. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FWS in the foreseeable future.

79. CFS's organizational activities will be adversely affected if FWS continues to violate FOIA by failing to disclose responsive records as it has in this case.

80. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, FWS will continue to violate CFS's rights to receive public records under FOIA.


## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Order Defendant to provide a lawful initial determination on Plaintiff's FOIA request as required by FOIA by a date certain;

2. Order Defendant to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's FOIA Request with the cut-off date for searches being the date the searches are conducted, and to provide to Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3. Declare that Defendant unlawfully failed to make and communicate an initial determination on Plaintiff's FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

4. Declare that Defendant unlawfully failed to undertake a search for and disclose of all records responsive to Plaintiff's FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

5. Declare that Defendant unlawfully failed to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption as required by 5 U.S.C. § 552(a)(7)(b).

6. Declare that Defendant unlawfully failed to provide Plaintiff with an estimated date of completion as to the search and production of documents responsive to Plaintiff's FOIA Request as required by 5 U.S.C. § 552(a)(7)(B)(ii).

7. Provide for expeditious proceedings in this action.

8. Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

9. Grant such other relief as the Court may deem appropriate.

Dated this 28th day of June, 2019.

Respectfully submitted,

CENTER FOR FOOD SAFETY,
*<u>/s/ George A. Kimbrell</u>*
GEORGE A. KIMBRELL (WA 36050)
Center for Food Safety
2009 NE Alberta Street, Suite 207
Portland, Oregon 97211
(971) 271-7372
Email: gkimbrell@centerforfoodsafety.org

VICTORIA A.YUNDT (*Pro Hac Vice* Pending)
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
T: (415) 826-2770 / F: (415) 826-0507
Email: tyundt@centerforfoodsafety.org

*Counsel for Plaintiff*